### Chicago Tip & Tire Co. v. Robert F. Beardsley et al.

1. QUESTION OF 'FACT—*Breach of a Contract.*—Whether a contract has been violated by the delivery of goods which were defective, and by reason of such defects, unmerchantable, is a question for the jury.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed December 19, 1899.

WICKERSHAM & HAYNER, attorneys for appellant.

HENRY S. SHEDD, attorney for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit in assumpsit to recover for goods sold under a written agreement and delivered by appellees to appellant.

The only point urged by appellant's counsel is " that the evidence is overwhelming that the appellees violated their contract." This violation is said to consist in furnishing bicycle spring seat posts, defective in workmanship and material, which were not good and merchantable. There is testimony tending to show that the posts in controversy were in many cases returned to appellant by parties to

whom they had been sold, and that in some instances appellees took back from appellant such returned posts and replaced them with new ones of an improved style, differently manufactured.   There is also testimony to the effect that the metal used in certain selected posts complained of, did not possess sufficient strength and durability for the purpose, and that appellant had paid seven hundred dollars on account, upon condition that if appellees did not make the posts satisfactory, their money would be returned, and this amount, it is claimed, appellant was entitled to have allowed as a set-off.   It is said that the contract was an entire contract, and that there was an implied warranty that the posts would be of a fairly and reasonably good quality, and suitable for the purpose for which they were to be used.   It is contended that instead of a verdict for appellees, a verdict should have been returned in favor of appellant for money paid in advertising the posts, in addition to the money paid on account.

The agreement in writing between the parties provided that appellant should have exclusive sale of the posts, pay a certain agreed price for each one, and that on the fifteenth of each month settlement should be made for posts previously delivered. · All that the appellees agreed to do under that contract, was to give to appellant "full and exclusive control of the sale of the Beardsley Patent Spring Seat Posts (patents covering which are owned and controlled by said party of the first part) subject to" certain conditions which are set forth.

There is evidence tending to show that appellees are making an improved style of post, better than those which had been delivered to appellant, for which recovery is in this case sought.   But the real question is whether the contract was violated by delivery of posts which were defective, and by reason of such defects, unmerchantable. This was a question for the jury, and there was ample evidence to sustain their finding.

One of appellant's witnesses testified that the posts were the same in design and pattern as the ones appellees were

making and delivering at the time the contract was made. Appellant seems to have received what it contracted for, in these respects at least, and that the posts were defective in other ways is not established. If the contract was one-sided, it was of their own making.

The judgment of the Superior Court must be affirmed.